Bartlett, J.
I do not think the respondent corporation is vested with any governmental powers.
It is incorporated “for the purpose of improving the breed of Holstein Friesian cattle ; ascertaining, preserving and disseminating, as provided by its bylaws, all useful information and facts as to their pedigree, and desirable qualities, and the distinguishing characteristics of the best specimens, and preparing, publishing and supplying all necessary volumes *308 of the Holstein Friesian Herd-Book ; and generally for promoting, and securing the best interests of the importers, breeders and owners of said cattle, and thereby the public generally ” (L. 1885, c. 333).
The relators, claiming to be importers, breeders and owners of Holstein Friesian cattle, insist that the association is bound to inspect certain animals of that breed which they have brought to this country, and to register them in the herd-book, if found to possess the requisite qualifications for such registry.
As the corporation, by its by-laws, has provided that only members of the association may register imported animals shipped from Europe after March 18, 1885, the relators also demand admission to membershij*.
In my opinion these demands are based upon an erroneous view of the respondent’s charter.
There is nothing in the statute of incorporation to justify the inference that the State, in the exercise of the police power or otherwise, has assumed the function, through the agency of this association, of registering blooded stock. The legislature has simply conferred upon certain persons and their associates the ■right to be a corporation, for purposes conducive, it is true, to the public welfare, but not public in any such sense as tó make the institution a part of the governmental system of the State. The courts may punish the corporation, if it abuses its powers or fails to exercise them, by vacating the charter in a suit brought for that purpose by the attorney-general as the representative of the people ; but they cannot, in my judgment, require it to pass upon the character of particular cattle or admit particular persons to membership.
It may well be, as was urged upon the argument, that the mere fact of incorporation in this case is a valuable privilege, in the nature of a monopoly, inasmuch as cattle certified by the association bring *309 a higher price than those whose breeding is not thus attested. If the legislature, however, in the exercise of its power, sees fit to bestow such a privilege, it must be respected by the courts.
The expressed desire of counsel for the relators for a decision in this matter to-day, within a few hours after the submission of briefs, renders it impossible for me to consider in detail a number, of points which otherwise I should discuss. Further elaboration, however, would only lead to the same conclusion, which is that the relators fail to make out a case on the merits. The application must therefore be denied, with costs.